1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT ALAN GIBBS,                         No.  2:17-cv-1640 WBS AC P

12                  Petitioner,

13        v.                                     FINDINGS AND RECOMMENDATIONS

14   TOM BOSENKO, et al.,

15                  Respondents.

16

17          Petitioner, a Shasta County pretrial detainee, proceeds pro se with an application for writ

18   of habeas corpus set forth on a California Judicial Council Form.  The Clerk of Court has

19   construed the filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

20   Petitioner has neither paid the filing fee nor submitted an application to proceed in forma

21   pauperis.  See 28 U.S.C. §§ 1914(a); 1915(a).  Nevertheless, because it is clear that petitioner's

22   allegations fail to state a cognizable habeas claim, and are too general and wide-ranging to state a

23   potentially cognizable civil rights claim under 42 U.S.C. § 1983, the undersigned recommends

24   dismissal of this action without leave to amend.[1]

25          Under 28 U.S.C. § 2254, applications for writs of habeas corpus may be filed by persons

26   "in custody pursuant to the judgment of a State court," and "only on the ground" that the prisoner

27   _____

28   [1]  This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C.
     § 636(b)(1)(B) and Local Rule 302(c).

                                              1

is in custody in violation of federal law.  28 U.S.C. § 2254(a).  Under Rule 4 of the Rules Governing Section 2254 Cases, this court must conduct a preliminary review of all petitions for writs of habeas corpus filed under Section 2254, and must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The instant petition does not allege that petitioner is in custody "pursuant to the judgment of a State court" nor that petitioner is in custody in violation of federal law.  Petitioner challenges neither a conviction nor sentence, but instead concedes that he is a pretrial detainee.  Petitioner's allegations, which are discussed below, address only his conditions of confinement.  Because it plainly appears from the face of the petition that a writ of habeas corpus cannot issue in this case, the undersigned recommends that this action be summarily dismissed pursuant to Rule 4.

Because it is clear that petitioner is attempting to pursue a civil rights action, the next question is whether the petition should be construed as a civil rights complaint.  "A district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner."  Nettles v. Grounds, 830 F.3d 922, 936 (2016) (en banc).  "'If the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.'"  Id. (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)).  Additionally, petitioner should be accorded the opportunity to independently consider the consequences of obtaining in forma pauperis status on his potential claims in a civil rights case, as it may impact his eligibility for in forma pauperis status in future cases.  See 28 U.S.C. § 1915(g) (prohibiting in forma pauperis status to prisoners who have had three or more cases dismissed as frivolous, malicious or for failure to state a claim).

The petition challenges "jail or prison conditions" based on the alleged "systemic abuse and neglect" of Shasta County Jail inmates by deputies and supervisors, in the form of "widespread retaliation, denial of rights, denial of meaningful grievance procedure and antagonistic behavior, verbal abuse, sexual harassment, intimidation, unsanitary housing,

2

improper classification methods and overall unsafe and inhumane jail environment." ECF No. 1 at 3. Petitioner avers that "[i]n two years," he has "witnessed physical abuse . . . [and] severe neglect of elderly and mentally ill inmates . . . [and] discernable and irrefutable evidence of collusion and cover up by supervisors at all levels." Id. Petitioner asserts that he has personally been "assaulted by deputies . . . denied safe housing at the least-restrictive level . . . denied meaningful health care . . . denied any meaningful recreation and exercise, denied human contact, served cold and unsanitary food, served very limited diet . . . denied books and reading materials, etc." Id. Petitioner asserts the violation of his rights under, inter alia, the First, Eighth and Fourteenth Amendments to the United States Constitution. Id. The named "respondents"[2] are "Shasta County Sheriff Tom Bosenko, Captain Dave Kent, Sergeant Tanner, Lieutenant Marlar, Deputy Amaya, Deputy Ridenour, Deputy Espinosa, Deputy Zufall, Deputy Gonzales et al." Id. at 1. The petition does not expressly identify the relief sought.

Petitioner's myriad allegations, which span a two-year period, fail to link any challenged conduct with any putative defendant. The pleading is a "shotgun complaint" in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. District Board of Trustees, 77 F.3d 364, 366 (11th Cir. 1996); see also Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim[s] showing that the pleader is entitled to relief"). It would be unnecessarily burdensome and likely futile for the court to attempt to provide guidance on potential civil right claims that may be presented in an amended pleading. Therefore, the undersigned declines to recommend that petitioner be granted leave to convert the instant petition to a civil rights complaint. Should petitioner wish to pursue civil rights claims, he must do so in a newly-filed action (without reference to the instant case or case number), together with payment of the filing fee or a request to proceed in forma pauperis.

////

////

---

[2] The only appropriate respondent in a federal petition for writ of habeas corpus is the officer who has custody of petitioner. See 28 U.S.C. § 2254; Rule 2(a) of the Rules Governing Section 2254.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus, ECF No. 1, be summarily dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases; and

2.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 31, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE